## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE

|  |  |
|---|---|
| UNICATCH INDUSTRIAL CO., LTD. AND TC INTERNATIONAL, INC., <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES <br><br> Defendant, <br><br> and <br><br> MID CONTINENT STEEL & WIRE, INC., <br><br> Defendant-Intervenor. | Court No. 19-00052 |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR JUDGMENT UPON THE AGENCY RECORD

|  |  |
|---|---|
|  | JOSEPH H. HUNT <br> Assistant Attorney General |
|  | JEANNE E. DAVIDSON <br> Director |
|  | PATRICIA M. MCCARTHY <br> Assistant Director |
| OF COUNSEL: <br> VANIA WANG <br> Attorney <br> Department of Commerce <br> Office of the Chief Counsel <br>   for Trade Enforcement & Compliance | SOSUN BAE <br> Trial Attorney <br> U.S. Department of Justice <br> Civil Division <br> Commercial Litigation Branch <br> P.O. Box 480 <br> Ben Franklin Station <br> Washington, DC 20044 <br> Tel: (202) 305-7568 |
| September 17, 2019 | Attorneys for Defendant |

## **TABLE OF CONTENTS**

**PAGES**

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR
JUDGMENT UPON THE AGENCY RECORD ............................................................... 1

STATEMENT PURSUANT TO RULE 56.2 .................................................................... 2

    I.    Administrative Determination Under Review. ............................................. 2

    II.    Issue Presented For Review ........................................................................ 2

STATEMENT OF FACTS .............................................................................................. 2

    I.    Initiation And Preliminary Results ............................................................... 2

    II.    Case Briefs ................................................................................................... 3

    III.    Final Results ................................................................................................ 4

SUMMARY OF THE ARGUMENT ............................................................................... 6

ARGUMENT ................................................................................................................... 6

    I.    Standard of Review ..................................................................................... 6

    II.    Unicatch Failed To Exhaust Its Administrative Remedies ......................... 8

CONCLUSION .............................................................................................................. 11

# **TABLE OF AUTHORITIES**

**CASES** **PAGES**

*Boomerang Tube LLC v. United States*,
    856 F.3d 908 (Fed. Cir. 2017) ................................................................................7

*Corus Staal BV v. United States*,
    502 F.3d 1370 (Fed. Cir. 2007) ........................................................................7, 11

*Dillinger France S.A. v. United States*,
    350 F. Supp. 3d 1349 (Ct. Int'l Trade 2018) ....................................................10, 11

*Essar Steel, Ltd. v. United States*,
    753 F.3d 1368 (Fed. Cir. 2014) ..............................................................................7

*Fujitsu Gen. Ltd. v. United States*,
    88 F.3d 1034 (Fed. Cir. 1996) ................................................................................6

*Hor Liang Industrial Corp. v. United States*,
    337 F. Supp. 3d 1310 (Ct. Int'l Trade 2018) ..........................................................7

*Itochu Bldg. Prods. v. United States*,
    733 F.3d 1140 (Fed. Cir. 2013) ..............................................................................7

*JBF RAK LLC v. United States*,
    790 F.3d 1358 (Fed. Cir. 2015) ............................................................................11

*Luoyang Bearing Factory v. United States*,
    240 F. Supp. 2d 1268 (Ct. Int'l Trade 2002) .........................................................7

*McKart v. United States*,
    395 U.S. 185 (1969) ...............................................................................................9

*McCarthy v. Madigan*,
    503 U.S. 140 (1992) ...............................................................................................7

*Mittal Steel Point Lisas Ltd. v. United States*,
    548 F.3d 1375 (Fed. Cir. 2008) ..............................................................................9

*Mukland Int'l Ltd. v. United States*,
    502 F.3d 1366 (Fed. Cir. 2007) ............................................................................11

*Rhone Poulenc, Inc. v. United States*,
    899 F.2d 1185 (Fed. Cir. 1990) ............................................................................10

*Sandvik Steel Co. v. United States*,
    164 F.3d 596 (Fed. Cir. 1998) ................................................................................9

*Stanley Works (Langfang) Fastening Sys., Ltd. v. United States,*
    279 F. Supp. 3d 1172 (Ct. Int'l Trade 2017) ...................................................... 9, 10

*Unemp't Comp. Comm'n of Alaska v. Aragon,*
    329 U.S. 143 (1946) ................................................................................................ 10

*United States v. L.A. Tucker Truck Lines, Inc.,*
    344 U.S. 33 (1952) .................................................................................................... 9

## STATUTES

19 U.S.C. § 1516a(b)(1)(B) ................................................................................................ 6

28 U.S.C. § 2637(d) ...................................................................................................... 6, 9

## REGULATIONS

19 C.F.R. § 351.309(c)(2) .................................................................................................. 7

## RULES

Rule 56.2 of the United States Court of International Trade ............................................. 1

## ADMINISTRATIVE DETERMINATIONS

*Certain Steel Nails From Taiwan,*
    83 Fed. Reg. 39,675 (Dep't Commerce Aug. 10, 2018) .......................................... 3

*Certain Steel Nails From Taiwan,*
    84 Fed. Reg. 11,506 (Dep't of Commerce Mar. 27, 2019) ................................. 2, 4

*Initiation of Antidumping and Countervailing Duty Administrative Reviews,*
    82 Fed. Reg. 42,974 (Dep't of Commerce Sept. 13, 2017) ..................................... 2

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE

_____

|  |  |
|---|---|
| UNICATCH INDUSTRIAL CO., LTD. AND TC INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| MID CONTINENT STEEL & WIRE, INC., | ) ) |
| Defendant-Intervenor. | ) ) ) |

Court No. 19-00052

_____)

## **ORDER**

Upon consideration of the motion for judgment upon the agency record filed by plaintiffs, responses thereto, plaintiffs' reply, the administrative record, and all other pertinent papers, it is hereby

ORDERED that plaintiffs' motion is DENIED; and it is further

ORDERED that judgment is entered in favor of the United States.

_____
JUDGE

Dated: _____

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE

|  |  |
|---|---|
| UNICATCH INDUSTRIAL CO., LTD. AND TC INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) Court No. 19-00052 |
| Defendant, | ) ) |
| and | ) ) |
| MID CONTINENT STEEL & WIRE, INC., | ) ) |
| Defendant-Intervenor. | ) ) |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR JUDGMENT UPON THE AGENCY RECORD

Pursuant to Rule 56.2 of the Rules of this Court, defendant, the United States, respectfully submits this response to the motion for judgment upon the agency record filed by plaintiffs Unicatch Industrial Co., Ltd. and TC International, Inc (collectively Unicatch). Plaintiffs challenge the Department of Commerce's (Commerce) final results of the second administrative review of the antidumping duty order covering certain steel nails from Taiwan Because plaintiffs failed to exhaust their administrative remedies with regard to the single argument they raise, we respectfully request that the Court deny plaintiffs' motion and sustain the final results.

**STATEMENT PURSUANT TO RULE 56.2**

I.    **Administrative Determination Under Review**

The administrative determination under review is *Certain Steel Nails From Taiwan,* 84 Fed. Reg. 11,506 (Dep't of Commerce Mar. 27, 2019) (final results), P.R. 169[1], and accompanying Issues and Decision Memorandum (IDM), P.R. 164.

II.   **Issue Presented For Review**

Whether Unicatch failed to exhaust its administrative remedies by not raising, during the administrative proceedings, the argument that Commerce should have offset Chun Yu Work and Co. Ltd.'s (Chun Yu) financial statement by the amount reported in a line item, coded 7070 (line item 7070), and entitled "Profit/loss amount of the subsidiaries, the related parties and the joint ventures using equity method."

**STATEMENT OF FACTS**

I.    **Initiation And Preliminary Results**

On July 31, 2017, Unicatch and defendant-intervenor Mid Continent Steel &Wire, Inc (Mid Continent) requested an administrative review of the antidumping duty order concerning stainless steel nails from Taiwan. *See* Unicatch's Request for an Administrative Review, P.R 4; Mid Continent's Request for an Administrative Review, P.R. 2. On September 13, 2017, Commerce initiated the second administrative review of the antidumping duty order on certain nails from Taiwan. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 82 Fed. Reg. 42,974 (Dep't of Commerce Sept. 13, 2017) (initiation notice), P.R. 6.

Commerce selected Unicatch, PT Enterprise, Inc., (PT) and Bonuts Logistics Co., LLC (Bonuts) for individual examination as mandatory respondents. Respondent Selection

---

[1] "PR" refers to public documents in the administrative record.

Memorandum (Dec. 6, 2017), P.R. 24.

On August 10, 2018, Commerce published the preliminary results of its administrative review. *See Certain Steel Nails From Taiwan,* 83 Fed. Reg. 39,675 (Dep't Commerce Aug. 10, 2018) (prelim. results of admin. review) (preliminary results), P.R. 144, and accompanying decision memorandum (PDM), P.R. 135. In the preliminary results, Commerce determined, using the simple average of the net profit from three financial statements on the record, that Unicatch did not have a viable home or third-country market to serve as a basis for normal value (NV) and calculated constructed value (CV) profit. PDM at 15-17. The financial statements on the record were from Chun Yu, OFCO Industrial Corp. (OFCO), and Sheh Fung Screws Co. Ltd. (Sheh Fung). *Id.* at 16. Commerce preliminarily calculated antidumping rates of 78.13 percent for Bonuts, 0.00 percent for PT, and 0.00 percent for Unicatch. Preliminary Results at 39,676.

After publication of the preliminary results, Unicatch and Mid Continent submitted case briefs to Commerce. P.R. 153, P.R. 154.

## II.   Case Briefs

In its administrative case brief, Unicatch argued that Commerce should incorporate certain minor corrections noted in the verification report into its final results. Unicatch Administrative Case Brief, P.R. 153. Mid Continent, in its administrative case brief, argued that Commerce should not use Chun Yu's financial statement, and, even if Commerce decided to use Chun Yu's financial statement, it should make three adjustments:  (1) use line item 7900, "Net profit before tax," instead of line item 8500, "Total consolidated profit/loss of the current period" as done in the preliminary results; (2) exclude line 8362, "Unrealized evaluation profit/loss on available-for-sale financial statements"; and (3) put the inventory loss in the "Change in

3

Inventory" column instead of the "Excluded" column.  Mid Continent Case Brief at 5-8, P.R. 154, C.R. 231.

In its rebuttal brief, Unicatch asserted that Commerce should continue to rely upon Chun Yu's financial statement.  Unicatch Rebuttal Brief at 3, P.R. 159, C.R. 234.  Unicatch also argued that Commerce should not use line item 7900, "Net profit before tax," instead of line item 8500, "Total consolidated profit/loss of the current period," as Mid Continent requested, but contended that, if Commerce did use line item 7900, Commerce should make four adjustments: (1) offset line item 7900, "Net profit before tax," with line item 8330, "Consolidated profit/loss amount of the subsidiaries, the related parties and the joint ventures using equity method – items that will not be reclassified to profit/loss"; (2) offset line item 7900, "Net profit before tax," with line item 8380, "Consolidated profit/loss amount of the subsidiaries, the related parties and the joint ventures using equity method – items that will not be reclassified to profit/loss"; (3) offset line item 7900, "Net profit before tax," with line item 8361, "Items that may be reclassified to profit/loss subsequently: Exchange difference of the financial statements made by the foreign operation agency"; and (4) exclude line 8362, "Unrealized evaluation profit/loss on available-for-sale financial statements."  *Id.* at 8-12.  Unicatch further argued that inventory loss was already included in the "Change in inventory" column, so the inventory loss was properly excluded from that column.  *Id.* at 12.

### III.   Final Results

After considering the interested parties' case briefs, Commerce issued its final results. *See* Final Results, 84 Fed. Reg. at 11,506.  Commerce continued to calculate CV profit from Chun Yu, OFCO, and Sheh Fung's financial statements but, after considering comments received, adjusted the calculation.  IDM at 12. With respect to Chun Yu's financial statement,

4

Commerce used line item 7900, "Net profit before tax" instead of line item 8500, "Total Consolidated profit/loss of the current period." *Id.* at 12-13.  Commerce declined to include line item 8330, "Consolidated profit/loss amount of the subsidiaries, the related parties and the joint ventures using equity method – items that will not be reclassified to profit/loss," line item 8361, "Exchange difference of the financial statements made by the foreign operation agency," and line item 8380, "Consolidated profit/loss amount of the subsidiaries, the related parties and the joint ventures using equity method – items that will not be reclassified to profit/loss" in the profit adjustment because those "line items are not incorporated into 'Net Profit Before Tax' in Chun Yu's income statements[.]"  *Id.* at 13.  Commerce explained that those items were identified as other comprehensive income and that it relies on the cost of the subject merchandise, not the comprehensive costs.  *Id.*  Commerce also explained that "losses incurred by Chun Yu's affiliate do not relate to Chun Yu's total cost of production and total cost of goods sold" and adjustments should "reasonably reflect the costs associated with production of the subject merchandise."  *Id.*  Commerce further excluded Chun Yu's "Unrealized evaluation profit/loss on available-for-sale financial Assets" and included the "Inventory Loss" credit in the "Change in Inventory" column.  *Id.* at 13-14.  Finally, Commerce incorporated the minor corrections submitted at verification into its final analysis, as requested by Unicatch.  *Id.* at 21.

In the final results, Commerce calculated antidumping duty rates of 78.13 percent for Bonuts, 0.00 percent for PT, and 6.16 percent for Unicatch.  Final Results, 84 Fed. Reg. at 11,507.

On April 15, 2019, Unicatch filed a complaint against the United States in this Court.  ECF No. 6.  In its complaint, Unicatch alleged that Commerce, "in using Chun Yu's financial statement to calculate profit and selling expenses, failed to properly allocate a line item under the

proper accounting category[.]" Compl. ¶ 14. Nowhere in its complaint did Unicatch refer to line item 7070, either by number or by name ("Profit/loss amount of the subsidiaries, the related parties and the joint ventures using equity method.").

## SUMMARY OF THE ARGUMENT

Because Unicatch failed to raise an argument regarding line item 7070, "Profit/loss amount of the subsidiaries, the related parties and the joint ventures using equity method," during the administrative review process, Commerce did not have the opportunity to consider Unicatch's arguments when calculating the final results. Unicatch first raised its argument regarding offset with line item 7070 not during the administrative proceedings, not even in its complaint, but in its motion for judgment upon the agency record. Accordingly, Unicatch failed to exhaust its administrative remedies and has waived its ability to challenge Commerce's determination. Therefore, the Court should sustain the final results.

## ARGUMENT

### I. Standard of Review

In reviewing Commerce's antidumping duty determinations, "the Court of International Trade must sustain 'any determination, finding or conclusion found' by Commerce unless it is 'unsupported by substantial evidence on the record, or otherwise not in accordance with the law.'" *Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034, 1038 (Fed. Cir. 1996) (quoting 19 U.S.C. § 1516a(b)(1)(B)).

With regard to the exhaustion of administrative remedies, Congress has directed that "the Court of International Trade shall, where appropriate require the exhaustion of administrative remedies." 28 U.S.C. § 2637(d). This statute "indicates a congressional intent that, absent a strong contrary reason, the court should insist that parties exhaust their remedies before the

pertinent administrative agencies." *Boomerang Tube LLC v. United States*, 856 F.3d 908, 912 (Fed. Cir. 2017) (citing *Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007)).

Commerce's regulations specifically require a party raise all arguments in a timely manner before the agency. *Corus Staal*, 502 F.3d at 1379 (citing 19 C.F.R. § 351.309(c)(2)). "The exhaustion requirement in this context is therefore not simply a creature of court decision, as is sometimes the case, but is a requirement explicitly imposed by the agency as a prerequisite to judicial review." *Id.* Moreover, "general policies underlying the exhaustion requirement — 'protecting administrative agency authority and promoting judicial efficiency'"— would be vitiated if the Court were to consider arguments raised for the first time in judicial proceedings. *See id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). For these reasons, this Court should "generally take{} a 'strict view' of the requirement that parties exhaust their administrative remedies before {Commerce} in trade cases." *Corus Staal*, 502 F.3d at 1379.

An exception to the exhaustion requirement may be made if exhaustion would have been "futile," the relevant matter is a "pure question of law," an intervening court decision would affect the agency's action, or a party had no reason to believe the agency would not follow established precedent. *Itochu Bldg. Prods. v. United States*, 733 F.3d 1140, 1145–48 (Fed. Cir. 2013); *Luoyang Bearing Factory v. United States*, 240 F. Supp. 2d 1268, 1297 n.26 (Ct. Int'l Trade 2002)). A party may also be excused from exhausting its administrative remedies when it lacked the opportunity to bring the arguments to the agency during the administrative proceedings. *See Hor Liang Industrial Corp. v. United States,* 337 F. Supp. 3d 1310, 1324 (Ct. Int'l Trade 2018) (citing *Essar Steel, Ltd. v. United States*, 753 F.3d 1368, 1374 (Fed. Cir. 2014)).

**II.     Unicatch Failed To Exhaust Its Administrative Remedies**

Unicatch failed to exhaust its argument regarding line item 7070, "Profit/loss amount of the subsidiaries, the related parties and the joint ventures using equity method," because it did not raise the issue during the administrative proceedings below.  Accordingly, the Court should not consider it but should rather sustain Commerce's final results.

Unicatch did not, at any point during the administrative proceeding, or even its complaint, argue that Commerce should offset Chun Yu's line item 7900, "Net profits before tax," with line item 7070, "Profit/loss amount of the subsidiaries, the related parties and the joint ventures using equity method" in the proceeding below.

In its initial administrative case brief, Unicatch argued only that Commerce should incorporate minor corrections from the verification report, which have no relationship to line item 7070 of Chun Yu's financial statement, into the final results. Unicatch Administrative Case Brief at 1, P.R. 153.  While Unicatch did, in its rebuttal case brief, argue that Commerce offset line item 7900 with line items 8330, 8380, and 8361, it notably did *not* argue that Commerce should offset line item 7900 with line item 7070, as it does here.  Unicatch Rebuttal Brief at 10. In its final results, Commerce chose not to include line items 8330, 8380, and 8361 because these comprehensive costs were not incorporated into line 7900, "Net profit before tax."  IDM at 13. Unicatch, in filing its complaint, only alleged that Commerce failed to properly allocate a line item under the proper accounting category, but did not refer to a specific line item number or name.  Compl. ¶ 14.  Now, for the first time, Unicatch argues in its opening brief, not that Commerce erred in choosing to not to include line items 8330, 8380, or 8361, but rather that Commerce should have excluded a completely different line item number: 7070.  Pl. Br. at 7-9. This constitutes a clear failure to exhaust administrative remedies.

"Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against *objection made at the time appropriate under its practice*." *Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1383–84 (Fed. Cir. 2008) (emphasis added) (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)).  Unicatch had the opportunity, during the administrative proceeding, to present an argument to Commerce that Commerce should offset line item 7900 with line item 7070.  And, in fact, Unicatch did present offset arguments with regard to multiple other line item numbers in its rebuttal case brief.  P.R. 159, C.R. 234.  But, as the record demonstrates, Unicatch did not argue that Commerce should offset line item 7900 with line item 7070, in its case briefs or at any other point during the administrative review process.  Instead, Unicatch chooses to make its argument about line item 7070 for the first time in its brief in front of this Court.  Pl. Br. at 7-9.

Pursuant to 28 U.S.C. § 2637(d), the Court "shall, where appropriate, require the exhaustion of administrative remedies" in civil actions arising from Commerce's antidumping and countervailing duty determinations. The doctrine of exhaustion provides that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted*.*" *Sandvik Steel Co. v. United States*, 164 F.3d 596, 599 (Fed. Cir. 1998) (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969).  Here, Unicatch did not raise an argument regarding offset with line item 7070 during the administrative process; accordingly, Commerce did not have the opportunity to consider it.  *See Stanley Works (Langfang) Fastening Sys., Ltd. v. United States*, 279 F. Supp. 3d 1172, 1189 (Ct. Int'l Trade 2017) (stating that exhaustion promotes judicial efficiency "by enabling an agency to correct its own errors so as to

9

moot judicial controversies."). Unicatch, in foregoing the administrative process, deprived Commerce of the opportunity to consider the argument, make its determination, and state its reasoning.  *See Unemp't Comp. Comm'n of Alaska v. Aragon*, 329 U.S. 143, 155 (1946).

To the extent Unicatch argues, in its reply brief, that it raised the offset issue with regard to other line items, the fact that related issues were raised below does not relieve Unicatch of its obligation to exhaust its arguments before bringing them to the Court. In *Dillinger France S.A. v. United States*, 350 F. Supp. 3d 1349, 1371 (Ct. Int'l Trade 2018), the plaintiff argued that its inter-product argument was part and parcel of its zeroing allegations. The Court rejected that argument because challenging one aspect of the statute did not incorporate every conceivable challenge to elements of that analysis. *Id.* at 1372 (quoting *Stanley Works*, 279 F. Supp. 3d at 1189). Here, Unicatch challenged Commerce's use of line item 7900, "Net tax before profit" and argued, during the administrative proceedings, that Commerce should offset line item 7900 with line items 8330, 8380, and 8361 in Chun Yu's financial statement. Unicatch Rebuttal Brief at 10. But it did not make a similar argument with regard to line item 7070. As in *Dillinger*, Unicatch's challenge to one part of a financial statement does not incorporate all challenges to every aspect of that financial statement. *See also Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990) (appellant waived argument even though it was characterized as "simply another angle to an issue" raised) (emphasis removed). Because Unicatch failed to raise an argument with regard to line item 7070 below, it should be barred from doing so here.

Furthermore, none of the limited exceptions to exhaustion apply here.  Unicatch's argument regarding line item 7070 is not a purely legal question because the argument relies on the specific facts of this case and this record.  It would also not have been futile for Unicatch to raise the argument during the administrative proceeding; there is no indication that Commerce

10

had prejudged or would have failed to consider Unicatch's argument.  The futility exception is narrow and strictly viewed, and the "mere fact that an adverse decision may have been likely does not excuse a party from a statutory or regulatory requirement that it exhaust administrative remedies."  *Dillinger*, 350 F. Supp. 3d at 1372 (quoting *Corus Staal*, 502 F.3d at 1378-81).  Nor has there been a relevant intervening judicial decision.  Finally, Unicatch had the opportunity to bring the argument to the agency during the administrative proceeding and, in fact, brought similar arguments with respect to different line item numbers.  There appears to be no reason Unicatch would have been unable to raise the argument regarding line item 7070 during the administrative proceeding, or any reason that would relieve Unicatch of its obligation to exhaust administrative remedies.

"[A] litigant must diligently protect its rights in order to be entitled to relief."  *JBF RAK LLC v. United States*, 790 F.3d 1358, 1367 (Fed. Cir. 2015) (quoting *Mukland Int'l Ltd. v. United States*, 502 F.3d 1366, 1370 (Fed. Cir. 2007)).  Unicatch failed to do so here; accordingly, the Court should not consider Unicatch's argument.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Unicatch's motion for judgment upon the agency record and enter judgment in favor of the United States.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    JEANNE E. DAVIDSON
    Director

    s/Patricia M. McCarthy
    PATRICIA M. MCCARTHY
    Assistant Director

| | |
|---|---|
| OF COUNSEL: | s/Sosun Bae |
| VANIA WANG | SOSUN BAE |
| Attorney | Trial Attorney |
| Department of Commerce | U.S. Department of Justice |
| Office of the Chief Counsel | Civil Division |
|   for Trade Enforcement & Compliance | Commercial Litigation Branch |
| | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, D.C.  20044 |
| | Tel: (202) 305-7568 |
| September 17, 2019 | Attorneys for Defendant |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains 3,091 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

                                        s/Sosun Bae
                                        Sosun Bae

## **CERTIFICATE OF SERVICE**

I hereby certify that on 17th day of September, 2019, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to counsel of record.

/s/ Sosun Bae
Sosun Bae